First case is number 23-10069, the United States v. Darryl Odely. Ms. Cain. Good morning. May it please the court, Sarah Cain, Assistant Federal Public Defender, on behalf of Mr. Odely, the defendant appellant in this case. Excuse me, I'm recovering from laryngitis, so my voice is a little funny. Our case law clearly distinguishes a mere omission of an element from an indictment, which is a non-jurisdictional error, from a grand jury's allegation of conduct that is not a federal offense, which strips the District Court of Jurisdiction to adjudicate as to that conduct. If a defendant had pled guilty to sex trafficking by force with the strict liability mens rea that's in Mr. Odely's indictment, that would unquestionably be a jurisdictional error that he could or she could raise on appeal. Our position is that the indictment error here is jurisdictional. So you're not challenging the sufficiency of the evidence with regard to that argument? No. It's a challenge to the indictment? It's a challenge to the indictment. There's also a jury's instruction error and a verdict error, all of which converge to create the same problem. No, it's not the same problem because those other issues are trial issues. Yes, Your Honor. Right? Whether or not the District Court's jury instructions were accurate and or whether or not the verdict form created additional or similar problems. But I really want to know what that first argument is. Okay. Because it seems like it is a combination of different things to me when I first read it in the brief. I don't know whether it's a straight attack on the face of the indictment for lack of subject matter jurisdiction or whether it morphed correctly or incorrectly into something else because of the way the case was tried. So can you help me? That's on me, Your Honor, and on the way the case was tried and what the jury found. I started looking at this as in terms of what did the jury find and I concluded that they found as to the force of section a non-offense and that error started with the indictment when the grand jury indicted Mr. O'Delley. And we really don't know if the grand jury indicted him as to the force of section of an offense against the United States of America. Counsel, the standard to show that a deficiency in an indictment deprives the District Court of Jurisdiction, it's a difficult one to meet. Here the indictment correctly cited to the statute, it stated two of the intent elements and then added on in the conjunctive a third intent element that the statute didn't require as to the force and coercion subsection. How does that extra element transform the charge in the indictment into a non-offense as you've argued in the briefing? I think it does it because it's lower than the mens rea that's required. So it affirmatively alleges conduct, so it certainly does it in the disjunctive, but one aspect of the affirmatively alleged conduct is a strict liability or the way that it's to observe a minor that means of force, threats of force or coercion were used to cause her to engage in sex trafficking. That's just not a crime. And it's an affirmative allegation as opposed to an omission, which is very clearly not a jurisdictional error. So our position is that the fact that yes, there are, you could maybe construe this in a way if you ignored that aspect, this may not be a jurisdictional error, but you can ignore it because the jury, the grand jury found, we don't know whether they found an offense as to the force subsection. So when we don't know if the grand jury found that Mr. O'Delley found probable cause as to the elements of the offense, my understanding of what an indictment must do is it must follow the elements, outline the elements according to the statute. It can't just cite the statute and then say some other language that isn't in the statute. I don't think it's enough that it cites the statute. So what's the rationale between drawing the line that you just drew between an indictment that omits an element, which you would concede is not a jurisdictional problem, and one that alleges something that you say is like a misallegation of an element? How does it become a jurisdictional problem? The district courts only have jurisdiction over offenses against the United States. Yes, but I guess my question is, if we've said it's not a jurisdictional problem, if you omit an element, which I think under your reasoning would say you've alleged a non-offense because you omitted an element that makes it an offense, I'm just having a difficult time following the reasoning to get to the line that you're drawing where omitting an element is non-jurisdictional, but including an element that is inappropriate or extra or wrong somehow is jurisdictional. Well, I want to be clear. This isn't a line that I'm drawing. It's a line that is in the circuit case law. So I'm trying to... I mean, cite me a case then that drew that line. Sure. So one case is United States v. Moore. It's cited in the briefing, and it discusses the difference between a jurisdictional error, which is when an indictment affirmatively alleges conduct that's not a crime against the United States, and when an indictment has a mere omission, which I think the way that...  So we said in Moore... I mean, I've got it right here. We said an indictment fails this test, that is, to allege a crime, you know, that violates the law of the United States. When a crime doesn't exist in the United States Code, we have a one, two, three, one, where a crime doesn't exist in the United States Code, two, the conduct undoubtedly fell outside the sweep of the statute, and three, a violation of a regulation that was not a law for purposes of criminal liability. I don't see anything about where the indictment misalleges a mens rea or alleges an additional element or something like that in Moore. Well, I think it's sort of a question of how you characterize the error here. In Moore, the state... The court also said, however, if the charge conduct itself is not criminal, then an offense against the United States has not been pled, and the district court lacks a jurisdiction. So our position is that the charge conduct here includes conduct that's not criminal, to have a reasonable opportunity to observe a minor, that means of force, threats of course, or coercion would be used to cause her to engage in sex trafficking is not a crime. If you had an indictment with a charge, and the charge as clearly set forth in the relevant statute required knowing and willful conduct, and the indictment charged everything correctly but said negligent conduct, would you have a lack of subject matter jurisdiction? So just to make sure I understand, the offense is knowing and willfully, and the indictment charge is just negligence? Yes. I think you would have a jurisdiction error. Why? So the issue, the way that I... Not every mistake, at least the way our case law has developed, not every drafting mistake deprives a district court of subject matter jurisdiction. Think for example of an analogous area where you don't submit a required element to a jury, that materiality for example, and that's not a structural error that deprived the court of jurisdiction or requires automatic vacater. We have to be sure that the grand jury found an offense against the United States. That's what the district court can preside over. And I think the issue when the indictment affirmatively alleges conduct that isn't a crime against the United States is that we can't be sure. And of course, grand jury proceedings are secret. We don't know. We can't get into them. We don't have those in front of us. All we have is their indictment. And their indictment did not give the district court power to adjudicate Mr. O'Delley guilty of sex trafficking by force because they may have charged him with a strict liability offense, which is not an offense. That's the problem. We can't... In cases where the courts have found there's just a mere omission, the courts have found, well, we can allow the jury or the court to infer the necessary mens rea. Here we cannot. We cannot infer the necessary mens rea, one, because again, we can't go back into the grand jury proceedings and figure out what they found. We have to assume that they may have found just that he had a reasonable opportunity to observe. That's not a crime. And then we have the reason that the jury instruction errors and the verdict error comes in is that there's just nothing here that allows us to infer that the jury came to the conclusion that he committed sex trafficking by force as it's defined by the statute. So it is... Are you saying that as an evidentiary matter? I'm saying the way that courts have looked at the distinction, and I agree that this is a difficult distinction. And I think, I don't know that every circuit has made these lines, but this court has. And I think the way they've justified it is that when there's just an omission, the right mens rea can be inferred from other aspects of the indictment, from the charging document. And here they can't, because we have an affirmative allegation of a mens rea that is not enough, is insufficient categorically to establish a crime against the United States. But the indictment also charges the correct mens rea. But it just juxtaposes a lower level, which is meant to deal with the age of the victim. So you've got a mishmash of the two. It's not like, it's not as if the indictment in this case, in your view, charged him with strict liability on everything. It had a mens rea and then dropped down to something less than that, which you characterize as strict liability. So it's not a complete flip of the mens rea. It's not, Your Honor. And I don't think there is an exact parallel that I could find in the case law. We have these two rules, that a mere omission is not jurisdictional, and that an affirmative allegation of conduct is. And our position is, this looks like an affirmative allegation of conduct. And when it comes down to it, no one here can say we're the grand jury. Where are you getting the, I mean, where are you getting this counter rule that the affirmative allegation of conduct is jurisdictional? I just, I mean, I read you from Moore. We said there were three things that were jurisdictional, and I really just don't see it. But it could be in there. The affirmative allegation may be my own words, Your Honor. Let me look. Well, that's, I think, and it's fine if you want to argue for that rule. That's fine. I just want to clarify. I think that's the rule you're asking us to adopt, not a rule that we've already adopted. Oh, OK, sorry. It's United States v. Brown. This is my reply brief on page three. In other words, while, quote, there is no jurisdictional defect when the indictment fails to allege an element of the charged offense, quote, there is a, and this is in a parenthetical, a jurisdictional defect. I inserted that. You can read the whole paragraph. When the indictment affirmatively alleges conduct that does not constitute a crime at all because that conduct falls outside the sweep of the charging statute. That's United States v. Brown, 752F- This is a sweep of the charging statute? Yes. OK. And the charging statute as to the fourth subsection is different, right? So we don't, Brown did not face this exact same situation. It's unusual to have a single count with essentially two convictions within it. And with many ways to commit the crime, right, is basically the way this statute works? Right. With different statutory minimum mandatories, which means the jury had to make this finding. With the court's permission, oh, I'm sorry, Your Honor, do you have a question? No, you can. OK. With the court's, I understand it is confusingly presented, and I apologize for that. But I did struggle with this because I hadn't confronted it and I didn't find an exact case from which to argue. I think there are often indictment errors, there are often jury instruction errors, there are often verdict errors. It just so happens that all three are combined here. And so I think if a court, we maintain the indictment error is jurisdictional, but I think the court can actually decide, decline to find, to make a finding on that and can say, OK, fine, this is plain error under the jury instructions in the verdict form. Because it is. So first of all, the government has, yes, Your Honor? We took you over your time. Oh, I'm sorry. You're in the red. Yes. So if you want to wrap up, you can. I just, I want to say thank you. I want to say. Or you can eat into your rebuttal time. I can choose. I'm giving you the choice. I would save the time for rebuttal, I thought. I'll save the time for rebuttal. I'll save the time for rebuttal and just say that the jury instructions, the verdict form provides the clearest outline of what the jury, jury as laypeople, right, trying to figure out how do we decide this case? What are we actually supposed to find? The verdict form, which is blatantly incorrect, has no mens rea, broadened the reason for the force, threats of force or coercion. That is the clearest description of the crime that Mr. O'Dellie was convicted of. Thank you. All right. Thank you very much, Ms. Cain. Ms. Hernandez. Good morning, Your Honors, and may it please the Court, Jenea Hernandez for the United States. With me at council table is Catherine Kuntz, who tried the case below. I want to first address . . . Are these indictments being vetted at the U.S. Attorney's Office? We're seeing these drafting errors more and more often, not this week in cases, but in the last three months, I've had three cases out of this district with relatively simple but then causing difficult problem, drafting errors in the indictments. I understand . . . I know you're not in charge of this and you weren't in charge, you weren't drafting this indictment, but it might be a message for you to take back to the office. Certainly, Your Honor, and I think that, you know, that may also be a product of just the statute as it's written. It does have these sort of nested alternative ways of . . . You know, but that's part of the problem is that the government has for a long time resisted the pull to write in English. And the government tries to track the language of the statute, and statutes are hard to read and parsing out the elements are difficult, but, you know, you could use subsections, you could use bullet points, you could use all sorts of things to make a charge readable and understandable. And I know this statute has different sorts of mens rea for the different elements, but the indictment has to be understandable to everybody. That's just an aside, so you can go forward with your argument. Absolutely, Your Honor, and message certainly well taken. I do want to clarify one point that I think may help us sort of understand the arguments and sort of the field of play here. When an indictment is presented to the grand jury, the grand jury doesn't pick and choose what theory they're going to proceed under. An indictment is a set of allegations that need to be . . . that all allegations need to be found by the grand jury by a preponderance of the evidence. So my friend on the other side, her argument that we don't know what theory the grand jury traveled under, whether they were proceeding under this more opportunity to observe mens rea as to the force element, that simply . . . I mean, it doesn't quite capture the structure of grand jury presentation because the grand jury has to find all of them. What do you think the grand jury understood from this paragraph? Well, the grand jury, I think, potentially, because it's admittedly inartfully written, could have understood this to mean that it needs to find all three because in order to include the mens rea, so the knowing, the reckless disregard, and reasonable opportunity to observe could have read that as attaching to both the force element and the minor victim element. So in essence, this indictment, because admittedly it is a little confusing, it's essentially setting out six potential theories of liability or six potential ways of proving these two subsections of the statute, knowing, reckless disregard, and opportunity to observe as to both force and the minor victim. And so our argument is one of those six potential combinations is not accurate. The other five . . . Counsel, I have a question. I want to assume for purposes of this question that we are in plain error land here. The jury instructions provided an additional improper ground of mens rea, quote, having had a reasonable opportunity to observe, and then the verdict form eliminated the mens rea requirement from the interrogatory on force and coercion. Wouldn't these errors in combination give the jury the impression or rather the misimpression that if the defendant used any force or coercion in his dealings with the minor victim that there would be adequate grounds for conviction on the force subsection no matter whether the defendant knew that his actions would cause the minor to engage in a commercial sex act? So, if I'm understanding the question correctly, I guess it's more of the . . . now we're dealing with the jury instruction and verdict form side. So first on the verdict form, I will say verdict form is not an instruction. In the verdict form in this case, it did not lay out the elements of the offenses. It didn't rehash the instructions. The jury is supposed to rely on the instructions of the court, and the instructions did clarify, and I quote here from docket entry 86 at page 41, if the government proves beyond a reasonable doubt that the defendant had a reasonable opportunity to observe the victim, the government does not have to prove that the defendant knew that the person had not attained the age of eighteen years. So, cabineting that mens rea element to the minor subprovision, and when we're in plain error land, we look at the complete set of instructions that were presented to the jury. So I would say that cured that ambiguity or the risk of misinterpretation there. But the instruction repeats the indictment's drafting error. It does, Your Honor, but immediately after it does give this clarification. Where's the clarification? So this is from the record, docket entry 86, page 41, this is where the court is actually charging the jury. After giving the element two of the force or coercion of a minor, the court explains that the government is relieved of its obligation to prove knowledge or recklessness if they have shown a reasonable opportunity to observe, but that is only as to the age of the minor. It does not repeat that error. It clarifies that the opportunity to observe lower mens rea attaches to the age of the  So I think . . . That was something the district court added that was not in the . . . That is part of the pattern. . . . jury instructions that were drafted and prepared and put on paper? No, that was part of the jury instructions. That is part of the pattern. I don't have the transcript with me. I just have the typed jury instructions. Can you tell me what page that clarification is on? Or what heading the instruction has? So it would be within the sex trafficking of a minor by force or coercion, and it would be . . . Tell me where's the clarifying language? Because numbered paragraph two combines the mens rea incorrectly. Right. It's after the actual . . . the recitation of the elements, it's in the paragraphs that immediately follow. Okay, where? Tell me the language you're relying on that says that the reasonable opportunity to observe only deals with the age of the victim. I do apologize, Your Honor. I only have the record, not the judge's instructions.  Tell me the language. I'll find it here.  What's the language that the district court used? Right. Here I'm quoting the court. If the government proves beyond a reasonable doubt that the defendant had a reasonable opportunity to observe the person recruited and enticed, harbored, transported, provided, obtained, or maintained, then the government does not have to prove that the defendant knew that the person had not attained the age of 18 years. Okay, so it's not in that instruction. I found it. It's in a separate numbered instruction that follows. Okay, I found it. I apologize for that, Your Honor. But the thrust of my point, I would say, is given that when we are evaluating instructions for plain error, you take all of the instructions as a whole, given this instruction that specifically attaches the reasonable opportunity to observe, lower mens rea, to the age of the minor, it would be unreasonable to infer that the jury disregarded this because of the ambiguity, admitted ambiguity, in the earlier instruction. And what this court has said in reviewing indictments, excuse me, in reviewing jury instructions that suffer from similar defects, what this court has said is that you look at the totality of the instructions to clarify any potential errors. I also want, you know, on a related point, it's not just the instructions taken together, but it's also just how this case arose and the facts in this case. This case was very serious, but it was relatively simple in the sense that there was Mr. O'Delley, one pimp, and DMC, one victim. So the, my friend's argument that simply by observing violence or observing force- There were two previous pimps. That did not overlap with Mr. O'Delley. Right, but she went, the minor went from pimp one to pimp two to then Mr. O'Delley.  She went from Kiki to Skittles to Mr. O'Delley. But very importantly, there is nothing in the record that would allow a jury to infer that Mr. O'Delley observed either of these two other individuals being violent toward the minor victim. In fact, quite the opposite. The record is full of the victim's testimony saying that Mr. O'Delley beat her. He made her nose bleed. He was the one that ran her down in his car. He was the one that choked her and threatened to kill her. All of this was emphasized in the record and also in the party's closing arguments. And as I pointed out in my brief, the arguments sort of bookended each other. There was the government's argument that Mr. O'Delley personally abused the victim and leveraged his relationship with her to coerce her into sex trafficking. And then there was the rejoinder from the defense saying the government hasn't proven that. There was no argument about reasonable opportunity to observe violence or force being exerted over the minor victim. And in fact, the defense argued that Kiki and Skittles' role was to make the minor sort of predisposed to sex trafficking and make her want to engage in that conduct on her own, separate and apart from the defendant. One thing we have to look at for plain error review is whether the error would have made a difference at the end of the day. You argue in your brief that, you know, given the nature of this case and given the evidence in this case, even if we say these instructions were plainly erroneous, it just didn't matter. Absolutely, Your Honor. And this, again, goes back to not just the overwhelming nature of the government's case, but the way that the evidence came in and the type of case that this is. At its core, it is the defendant, his victim, and then the five-month period where he was forcing her into sex trafficking. So with those facts, there really is nothing on the record that would have allowed the jury to infer or read the instructions in the way that the defense is reading them today. Could you address the jurisdictional issue? So opposing counsel argued that this indictment alleged a crime that is outside the sweep of the charging statute. This is the first time I've really understood the argument that this is a jurisdictional problem. Can you address whether the indictment charged a crime that was outside the sweep of the charging statute? So to get to the jurisdictional point, it's more than just outside the sweep of the statute, I would say. So what Cotton tells us is that indictment defects are not just on their own enough to deprive the court of its power to adjudicate a case. Peter tells us where an indictment only alleges facts and a subsequent guilty plea is based on those facts. And they describe conduct that is not prescribed by the charging statute. That could have jurisdictional implications. But only is a load-bearing word there. Here we don't have only. Here we've got, as I noted earlier, there is knowledge, reckless disregard, and reasonable opportunity to observe. And as to the force sub-provision of the statute, that reasonable opportunity to observe is arguably surplicit. But that does not mean that the indictment, by virtue of having that added language, has now charged a non-offense as a whole. And that's why it's not a jurisdictional defect. And this is also important because it keys into this court's later case law. Specifically, here I cited right in my brief, which is about 924C predicates. In that case, the United States cited multiple predicates, one of which was later invalidated by the Supreme Court as an ACCA predicate. The court didn't treat that as a jurisdictional defect, despite the defense's invitation to do so. And the reason for that is the other predicates certainly fell within the sweep of the statute and fell within the ACCA predicate list. Similar analysis in the Granda case that I cited. And what Brown and Moore tell us is that even where you've got no mens rea allegation whatsoever that is required under the statute, that's still not enough to divest the court of its jurisdiction. If the court has no further questions, I ask that this court affirm the defendant's convictions. Thank you. Thank you very much. I see I have all of my time, all four minutes. Thank you. So your Honor started out by asking the government about these indictment errors and this statute. And I just want to reiterate that this can be done, well, it can be done according to the statute. I cited to United States v. Walker, in which a defendant was convicted of both subsections of the sex trafficking statute, minor and force. And that's the verdict form and the instructions were correct. What two subsections? Both subsections that Mr. O'Dellie was charged with here, Mr. Walker was convicted of both. And I'm just pointing out that in that case, it was clearly laid out for the jury. This is not rocket science. And it should be something that the government can do and does do. It is a confusing statute, but the government, there should have been an objection to the indictment at some point before. I agree with you, Your Honor. This wasn't Mr. O'Dellie was not represented by my office below. Of course, there should have been an objection. I'm not trying to cast the sins of trial counsel on you. I'm just saying that if the error was so blatant, so problematic, so the indictment was so deficient, you would have thought that somebody would have mentioned it. I agree. Yes, I agree with you, Your Honor. I think that everyone proceeded as though this were good enough. And I think, unfortunately, that it seems that everyone was operating under the same misunderstanding, which was that all the government needed to prove is exactly what they argued they presented in their opening and closing arguments. The government says that the government's arguments and they're briefing the government says the government's arguments cured any instructional error. And I just want to say I disagree. And here is one part of the government's opening is they go out, they say throughout the course of this trial, the evidence will show that the defendant knowingly recruited, enticed, harbored, et cetera, solicited the minor victim in this case, knowing that she was under the was made to engage in a commercial act and will further prove that he did so by force, threats of force or coercion, which can come in many different ways. What is that? That's the exact same thing the jury received in their verdict form. The verdict form is considered along with the instructions. And it is a very clear description to the jury. What do you need to find? Just that he used means of force to commit the crime. That's not an offense against the United States, but that's what the jury found. The government repeated. It's one of the ways to prove the substantive part of the statute. No, you did. No, no. So using means of force or threats of force or coercion to commit the crime, which is the interrogatory that the jury checked and what the government told the jury they needed to find. That's not the offense. The offense is knowingly knowing or in reckless disregard of the fact that means of force threats of force or coercion will be used to cause the victim to engage in sex trafficking. So if force is just ancillary, if someone is a violent individual or has a violent relationship with someone and they affirmatively do not believe that relationship is in any way related to the victim's sex trafficking, that's a hypothetical. That's not sex trafficking by force. It may be sex trafficking a minor if that person, if the victim is a minor. I hear the interrogatory says use means of force, threats of force or coercion to commit the crime. Yes. Doesn't that to commit the crime bring in the- The commit the crime is the crime of sex trafficking. Sex trafficking has multiple elements. And one of the elements is knowingly transporting, obtaining, maintaining, harboring. So if violence occurs or threats of harm occurs as the evidence shows that they did, if threats of harm occur in the process of harboring a minor, the jury could have convicted him just on that. That is not sex trafficking by force. Sex trafficking by force is a specific intent where there has to be knowledge or reckless disregard of the fact that force, the means of force, whatever that is, that's not defined. Means of force is used to cause the victim to engage in sex trafficking. It's not what the jury found. Yes, your honor. Special verdict form doesn't have to have a listing of every single element of the offense. For example, in a drug case where the drug type and the drug amount matter for mandatory minimum and statutory maximum purposes, jury sometimes get a special interrogatory verdict that's only asked them to figure out the amount. The conspiracy charge involved less than 500 grams of cocaine. Or it involved more than two kilograms of heroin. The special interrogatory form doesn't again ask the jury, did you find that the defendant acted with the requisite mens rea because that's inherent in the verdict of guilty. It's supposed to have already been explained to the jury. But in this case, it wasn't. And that's why in part why we're here, why vacator is required, why plainer is satisfied. And I see my time is up. I want to say that the government categorized Peter's use of the word only as load bearing. And I would ask your honors to, my reading of Peter is that the term conduct with an indictment, which only alleges conduct that falls outside the statute is the only word is dicta. Peter did not have occasion to decide whether an indictment would change, which charges both conduct that falls outside of the statute and conduct that falls within is a jurisdictional error. That was a wrap up, not a new substantive argument.  I'm done. Thank you so much, your honors. All right, Ms. Kane. Thank you. Thank you, Ms. Hernandez. Thank you.